**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2613-19

CRAIG SHEA and CAROLYN
SHEA,

     Plaintiffs-Appellants,

v.

PAUL J. LYDON, Trustee,

     Defendant-Respondent,

and

MORGAN ENGINEERING AND
LAND SURVEYING, LLC,

     Defendant.

_____

Argued May 24, 2021 – Decided January 14, 2022

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000312-18.

Michael I. Lubin argued the cause for appellants.

Joel J. Reinfeld argued the cause for respondent.

The opinion of the court was delivered by

SMITH, J.A.D.

After a non-jury trial in the Chancery Division, the trial court entered judgment for plaintiffs Craig and Carolyn Shea in a quiet title action. The court dismissed defendant Paul J. Lydon's counterclaim for adverse possession,[1] finding that defendant did not meet his burden of proof. Plaintiffs sought the demolition and removal of defendant's garage. The trial court ordered alternative relief, making demolition of the garage expressly contingent upon the outcome of a separate Law Division action filed by plaintiffs. Plaintiffs appeal, contending the trial court erred by ordering alternative relief and not compelling defendant's unconditional removal of the encroachment. We affirm for the reasons set forth below.

I.

Plaintiffs own a single-family home in Edgewater, Bergen County. They acquired the property on April 30, 2008. Defendant's property is immediately adjacent to plaintiffs' home. Shortly before plaintiffs acquired their home, they obtained a survey (the 2008 survey) of the lot. The 2008 survey showed

---

[1] Defendant was bequeathed the property by the Estate of Eliza Kurtz, and held it in trust, beginning in 2016.

A-2613-19

no encumbrances or encroachments of any kind. In 2016, plaintiffs, in preparation for demolition of their existing garage and construction of a new one, secured a new survey (the 2016 survey) prepared by a different surveyor. The 2016 survey revealed an encroachment on plaintiffs' property in the form of a detached garage structure located at the rear of defendant's property.

In November 2017, plaintiffs filed a variance application with the Edgewater Board of Adjustment (the Board), seeking permits to construct a new two-car garage at the rear of their property. The Board denied plaintiffs' variance application, and plaintiffs next filed an action in lieu of prerogative writs challenging the denial in the Law Division on May 13, 2019.[2] While the variance application was pending, plaintiffs filed a complaint against defendant in November 2018 alleging, among other claims, trespass and seeking to quiet title.[3]

---

[2] Plaintiffs' action in lieu of prerogative writs to reverse the Board's denial of their variance application, filed in the Law Division under docket no. BER – L-3655-19, was tried on April 29, 2020, before the Honorable Gregg A. Padovano, J.S.C. The trial judge has not rendered a decision as of the date of this opinion.

[3] The trial court dismissed Count III of the complaint, which was a professional negligence action against Morgan Engineering, the company that drafted the 2008 survey. Consequently, that company is no longer included in the caption to this case. Before the quiet title trial commenced, plaintiffs voluntarily dismissed their claim for money damages against defendant Lydon.

Upon the completion of discovery and motion practice, the trial court held a non-jury trial on October 15, 2019. Plaintiff Carolyn Shea and defendant each testified. Defendant testified that he had lived in Edgewater for approximately forty-six years and was familiar with the area. He testified that the garage on his property was erected in 1972 or 1973. He further testified that the property had been bequeathed to him in trust in 2016. He did not become aware of the encroachment until August 2016, when he was informed by plaintiff Craig Shea. Defendant further testified that no one complained to him about the encroachment until plaintiff did so in 2016. In response to a question about whether he could visually determine whether his garage encroached on plaintiffs' property, defendant testified that "it was close."

On December 3, 2019, the court issued a written statement of reasons. The court made findings, concluding that defendant's garage encroached upon plaintiffs' property and defendant failed to meet his burden of proof to support his counterclaim of adverse possession. The court specifically found that defendant could not meet the open and notorious element of adverse possession, inferring from defendant's own testimony that even he could not tell that the encroachment was open and notorious. The trial court, looking to

4

Mannillo v. Gorski, 54 N.J. 378, 389 (1969), found that defendant would suffer "undue hardship" if he was compelled to remove the encroachment even though plaintiffs did not yet have the right to build their proposed garage. The trial court also found that if the denial of the plaintiffs' zoning board application is affirmed, the plaintiffs would realize "no particular benefit by requiring removal of the encroachment."

Consequently, the trial court fashioned alternative relief, ordering that if the Board's denial of plaintiffs' application to construct a new garage was upheld by the Law Division, then plaintiffs would convey the four and a half feet of defendant's encroachment to him at an agreed-upon "fair value," or, if the parties could not agree, at a value "to be determined by a court of competent jurisdiction." In the event the Board's denial was reversed by the Law Division, then defendant would, at his sole cost, remove the encroachment. The trial court executed the corresponding order of judgment on January 15, 2020.

Plaintiffs appeal, contending that the trial court erred by not compelling defendant to remove the section of his garage that constituted the encroachment without qualification or condition. Specifically, plaintiffs argue that: the trial court had no factual basis to conclude that defendant would

5 <span>A-2613-19</span>

suffer hardship if ordered to remove his garage; the trial court had no factual basis to conclude that plaintiffs would not benefit from defendant's removal of the garage; and that the alternative remedy fashioned by the trial court was inequitable.

## II.

"In fashioning relief, the Chancery judge has broad discretionary power to adapt equitable remedies to the particular circumstances of a given case." Marioni v. Roxy Garments Delivery Co., 417 N.J. Super. 269, 275 (App. Div. 2010) (citations omitted). Equitable remedies "are distinguished by their flexibility, their unlimited variety," and "their adaptability to circumstances." Salorio v. Glaser, 93 N.J. 447, 469 (1983).

This general approach requires consideration of three specific components. First, the facts the judge adopts in an equity case, like any other non-jury case, are entitled to our deference "when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). Second, in drawing conclusions from those facts, the Chancery judge is required to apply accepted legal and equitable principles; no deference is afforded in this regard. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); In re Estate of Shinn,

6

394 N.J. Super. 55, 66 (App. Div. 2007). And third, in fashioning an appropriate equitable remedy to fit the particular circumstances, we will decline to intervene absent an abuse of discretion, Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993), or where the judge's conclusions prove inconsistent with his own findings of fact, VRG Corp. v. GKN Realty Corp., 261 N.J. Super. 447, 454 (App. Div. 1993). See Marioni, 417 N.J. at 275-76.

### III.

Viewing the record through this analytical framework, we find adequate, substantial and credible evidence in the record to support the relief ordered by the trial court. In addition to the testimony of the parties, the trial court had a thorough visual record in evidence, including accurate surveys as well as multiple photos of defendant's garage and its surrounding environs. The photographic record shows a small gravel driveway, which connects Old Wood Road to the rear of the plaintiffs' and defendant's homes. The driveway bisects each of the parties' lots and runs through them roughly west to east, separating the homes from their corresponding detached garages. Defendant's garage is an older substantial brick and wood frame structure that is first in a line of three aging, eclectic single car garages, which stand mere feet from each other along the gravel driveway. Each garage is separated from its corresponding

home by the gravel driveway. Plaintiffs' existing garage is closely bracketed by defendant's garage on one side and another aging wood frame garage situated on an adjacent lot east of plaintiffs.

The trial court, understanding that a small portion of the right rear corner of defendant's garage encroached on plaintiffs' property by a modest four and a half feet[4], fashioned an equitable remedy that contemplated demolition of defendant's garage only if plaintiffs are permitted by Edgewater to proceed with their new garage construction project. Given the dilapidated state of defendant's garage, removal of the small encroachment would likely lead to total demolition. We agree with the trial court's finding that compelling unconditional demolition of the garage would be an undue hardship to defendant given the uncertainty surrounding plaintiffs' ability to proceed with their project at this time. The Mannillo Court anticipated unusual circumstances such as this. In holding that there is no presumption of knowledge on the part of the true property owner where there is a minor encroachment along a common boundary, the Court recognized that:

> [i]t is conceivable that the application of the foregoing
> rule may in some cases result in undue hardship to the

---

[4] The record does not contain any statement of the square footage of the encroachment. We do not speculate by attempting to perform area calculations based on the surveys in the record.

adverse possessor who under an innocent and mistaken belief of title has undertaken an extensive improvement which to some extent encroaches on an adjoining property. In that event[,]the situation falls within the category of those cases . . . [for which] . . . equity may furnish relief. Then, if the innocent trespasser of a small portion of land adjoining a boundary line cannot without great expense remove or eliminate the encroachment, or such removal or elimination is impractical or could be accomplished only with great hardship, the true owner may be forced to convey the land so occupied upon payment of the fair value thereof without regard to whether the true owner had notice of the encroachment at its inception.

[Mannillo, 54 N.J. at 389 (citation omitted).]

The trial court, seeing the record clearly, reached for the equitable remedy envisioned by the Mannillo Court and applied it, no more, no less. Plaintiffs argue the trial court misapplied the Supreme Court's holding in Mannillo when it concluded defendant would suffer undue hardship. We disagree. The court had an opportunity to assess the "particular circumstances" and use its discretion to fashion a remedy which preserves the status quo while compensating plaintiffs for the encroachment if they do not get their approval. The very same remedy authorizes demolition of defendant's garage if plaintiffs do get their approval.

9

We find plaintiffs' argument that the trial court had no factual basis to find that plaintiffs would not benefit from unconditional demolition of the garage without merit. The entire litigation took place under the shadow of plaintiffs' zoning permit denial and subsequent appeal, and the trial court accounted for that context in its remedy.

We find no abuse of discretion, as the trial court's solution is both equitable and practical. Marioni, 417 N.J. Super. at 276. Any arguments not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2613-19